CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

9/29/21
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF VIRGINIA
Abingdon Division

| | |
|---|---|
| DAVID MARTIN, on behalf of himself and all others similarly situated, c/o 1825 K St., NW, Ste. 750, Washington, DC 20006 <br><br> Plaintiff, <br><br> v. <br><br> BALLAD HEALTH <br> 400 N. State of Franklin Rd. <br> Johnson City, TN 37604 <br><br> Defendant. | JURY TRIAL DEMANDED <br><br> CIVIL ACTION NO. 1:21CV41 |

## COLLECTIVE ACTION COMPLAINT

Plaintiff David Martin ("Plaintiff"), by undersigned counsel, on behalf of himself and all others similarly situated, alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action to redress Defendant's violation of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*) by knowingly suffering or permitting Plaintiff and other similarly situated Security Guards (collectively "Plaintiffs") to work in excess of 40 hours per week without properly compensating them for those additional hours, and by knowingly suffering or permitting Plaintiffs to work during their purported breaks without pay. Plaintiff and all similarly situated employees worked for Defendant as hourly paid Security Guards.

2. Defendant willfully violated the FLSA by failing to pay Plaintiff for wages earned. Plaintiff and other similarly situated employees were victims of auto-deducted breaks. This constitutes a wage violation and an overtime violation.

3. On behalf of himself and all other similarly situated employees who may choose to opt-in to this action, Plaintiff now seeks restitution for all wages due plus interest, an additional amount as liquidated damages, reasonable attorney fees and costs, and any other damages to which they may be entitled at law or equity.

## JURISDICTION AND VENUE

4. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under federal law (the FLSA).

5. This Court has personal jurisdiction over Defendant because it employs Plaintiff and others in this judicial district and thus Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## THE PARTIES

7. Plaintiff was employed by Defendant as an hourly paid security guard at Johnson Memorial Hospital located in Abingdon, Virginia.

8. Defendant Ballad Health is an integrated healthcare system serving 29 counties of Northeast Tennessee, Southwest Virginia, Northwest North Carolina and Southeast Kentucky.

9. At all times herein mentioned, Defendant was an employer of Plaintiff within the meaning of the FLSA 29 U.S.C. § 203(d) and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA.

10. Defendant is covered by the provisions of the FLSA because it is an "enterprise engaged in commerce" under the FLSA 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Defendant Ballad Health is an integrated healthcare system that operates a family of 21 hospitals, including three tertiary medical centers, a dedicated children's hospital, community hospitals, three critical access hospitals, a behavioral health hospital, an addiction treatment facility, long-term care facilities, home care and hospice services, retail pharmacies, outpatient services and a comprehensive medical management corporation.

13. Plaintiff worked as a security guard for Defendant at Johnson Memorial Hospital for approximately five months, from March 2020 until August 2020.

14. Plaintiff has been employed by Ballad Health since November 2019.

15. As a Security Guard, Plaintiff ensured patient and staff safety as well as overall protection of the hospital.

16. Plaintiff and similarly situated employees were all compensated on an hourly basis. His hourly rate was $12.50, with a shift differential at night.

   A. **<u>Defendant Made Automatic Deductions for Breaks, Including Those Not Taken:</u>**

17. Defendant maintains a written policy promising Security Guards one thirty (30) minute unpaid meal break and paid fifteen (15) minute rest periods each four (4) hours of their shift, to be taken when time allows.

18. Defendant was obligated to ensure either that security guards were completely relieved from all work-related duties during their breaks, or that they accurately tracked and recorded both their missed and interrupted breaks and received all wages due for all missed and interrupted breaks.

19. Defendant does not require workers to "clock-out" before starting their meal break and "clock-in" after their meal break.

20. Rather, Defendant automatically deducts a 30-minute break every shift, regardless of whether a break was actually taken.

21. Although the hospital had a policy of allowing meal breaks, it also had a policy that security guards were not allowed to leave the building if they were the only guard on duty.

22. When Plaintiff worked, he was regularly the only officer on duty. In the event that Plaintiff was able to obtain a meal from the cafeteria, he was expected to return to his office to work while eating.

23. Plaintiff and other similarly situated employees were also expected to watch patients, take calls, maintain staff safety, and monitor the video cameras during their lunch breaks.

24. Thus, Plaintiff and all other similarly situated employees had pay automatically deducted from their paychecks, despite consistently working through their meal breaks.

25. By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for the Plaintiff and other similarly situated employees' rights under the FLSA.

26. Plaintiffs have been harmed as a direct and proximate result of Defendant's unlawful conduct, because Defendant regularly deprives Plaintiff and other similarly situated employees of overtime wages owed for meal break work they perform in work weeks of 40 hours or more.

### B. **The Unlawful Failure to Pay Wages Was Done So Knowingly and Willfully:**

27. Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to compensate Plaintiffs for all hours worked.

28. Defendant had a policy that security guards were not allowed to leave the building if they were the only guard on duty.

29. Defendant knew this conflicted with its policy allowing 30-minute meal breaks or rest periods, as security guards often worked 12 hour shifts on their own.

30. Plaintiff complained to his Captain, Jerry Robinson, about the auto-deducted meal breaks.

31. Captain Robinson informed Plaintiff that he could make a time adjustment on the time clock.

32. Yet, Defendant never provided Plaintiff or any similarly situated employees with the ability to make time adjustments in order to reflect time worked through meal breaks.

33. Defendant also never ensured that the security guards accurately tracked and recorded both their missed and interrupted breaks or that they received all wages due for all missed and interrupted breaks.

34. No reasonable business, let alone a sophisticated health system, could plausibly believe they were engaging in good faith by and through their actions.

35. Liquidated damages should be awarded, doubling Plaintiff's and similarly situated employees' unpaid wages.

### C. Collective Action Certification will be Warranted in this Case:

36. Plaintiff has reviewed the above-captioned lawsuit, approved of its content, and expressly authorizes a collective action.

37. Plaintiff pursues the above-captioned lawsuit on behalf of himself and all similarly situated employees. By "similarly situated," Plaintiff intends this lawsuit to include:

> **All individuals who currently work, or have worked, for the Defendant as an hourly paid Security Guard or any other similarly titled, hourly-paid position, at any time within the preceding 3-years from the date of filing the complaint.**

38. Defendant encouraged, suffered, and permitted Plaintiff and other similarly situated security guards to work more than forty hours per week without proper overtime compensation.

39. Defendant encouraged, suffered and permitted Plaintiff and other similarly situated security guards to work through their automatically deducted meal breaks without proper compensation.

40. Defendant knew Plaintiffs performed work that required additional wages and overtime compensation to be paid.

41. Nonetheless, Defendant deprived Plaintiff and other similarly situated employees of wages and overtime compensation.

42. Defendant's conduct as alleged herein was willful and has caused extensive damage to the Plaintiff and other similarly situated medical workers.

43. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the collective.

44. Plaintiff requests that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to the lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages, and other relief requested herein.

**Count I**
**Fair Labor Standards Act ("FLSA")**
**Failure to Pay Overtime for Auto-Deducted Breaks**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Defendant is an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

47. Plaintiff was employed with Defendant as an "employee" within the meaning of the FLSA.

48. Section 207(a)(1) of the FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff and other similarly situated employees, at 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

49. The FLSA does not specifically define the term "work," but the Department of Labor has promulgated regulations containing "Principles for Determination of Hours Worked" to inform this issue. *See* 29 C.F.R. §§ 785.11-785.13. These Principles plainly state that any work an employer "suffers or permits" to be performed at the job site (like Plaintiff's meal break work) must be counted as hours worked when the employer "knows or has reason to believe" the work is being performed. *Id*.

50. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

51. Plaintiff and other similarly situated employees were "non-exempt" employees within the meaning of the FLSA.

52. Throughout the relevant period, Defendant expected Plaintiff and other similarly situated employees to work through their promised meal breaks.

53. Plaintiff regularly worked 12 hour shifts on his own. Per the policy of the hospital, Plaintiff was expected to work through meal breaks, taking calls, watching patients, and monitoring video cameras. Plaintiff worked through his meal break every day for five months and was never compensated for this time.

54. As a result of working through meal breaks, Plaintiff often worked more than 40 hours per week, but as not compensated for this extra time.

55. Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA.

56. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57. As a result of Defendant's improper and willful failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of the FLSA, Plaintiff and other similarly situated employees suffered lost wages and other related damages.

## JURY DEMAND

58. Plaintiff respectfully requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order providing that:

(A) The opportunity to notify other similarly situated employees to opt-in to this action pursuant to 29 U.S.C.§ 216(b);

(B) Defendant is to compensate Plaintiff and all similarly situated employees, reimburse them and make them whole for any and all pay Plaintiff and similarly situated employees would have received had it not been for Defendant's illegal actions, including lost wages;

(C) Plaintiff and other similarly situated employees should be awarded liquidated or other penalty damages, as permitted by law(s) herein;

(D) Plaintiff and other similarly situated employees should be awarded attorneys' fees and costs;

(E) Any other relief in law or equity to which Plaintiff and similarly situated employees may be entitled.

Date: September 29, 2021

RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

By: /s/ Jack Jarrett

Jack Jarrett
1825 K St., NW, Ste. 750
Washington, DC 20006
T: 202-315-1741
jack.jarrett@leschtlaw.com
*Attorney for Plaintiff*